# CHARLESTON.

DAWSON *et als.* v. PHILLIPS.

Submitted March 14, 1916.    Decided March 21, 1916.

1. OFFICERS—*Proceedings to Remove—Parties—"Criminal Proceedings."*

   Proceedings for the removal of public officers, pursuant to section 7, chapter 7, serial section 222, Code 1913, are not criminal proceedings, and may be instituted and prosecuted, under the direction of the court, by citizens and taxpayers. (p. 15).

2. SAME—*Proceedings to Remove—Filing of Charges—Compliance with Statute—"Shall"—"Entered of Record."*

   The requirement of said statute that the charges against such public officers "shall be reduced to writing and entered of record by the court," is mandatory, and must be literally complied with as a prerequisite to valid process against the defendant to answer the same. The mere *filing* of the petition of complainants containing the charges and the issue of process thereon, will not satisfy the other requirements of the statute. (p. 16).

3. ACTION—*Civil or Criminal—Proceeding to Remove Officer—Limitations—Application of Statute.*

   The statute of limitations applicable to criminal prosecutions for such offenses is inapplicable to proceedings under said section 7, of chapter 7, of the Code.   (p. 18).

4. OFFICERS—*Grounds for Removal—Validity of Statute.*

   Said statute providing for the removal from office for "official misconduct, incompetence, habitual drunkenness, adultery, neglect of duty, or gross immorality," is not unconstitutional, for adding grounds of removal not specified in section 6, of Article IV, of the Constitution. The grounds specified in the statute are fairly comprehended in the several classes of offenses named in the Constitution.   (p. 18).

Error to Circuit Court, Morgan County.

Action by B. E. Dawson and others against J. A. Phillips. Judgment for plaintiffs, and defendant brings error.

*Reversed.*

*Stuart W. Walker* and *H. W. Allen,* for plaintiff in error.

*H. W. Bayer* and *H. H. Emmert,* for defendants in error.

MILLER, JUDGE:

The judgment complained of, pronounced January 6, 1915, in a summary proceeding instituted in the circuit court, under section 7, chapter 7, serial section 222, Code 1913, adjudged that specifications numbered 2, 4, and 5, had been sustained by the evidence, and that for his misconduct in the office of president and commissioner of the county court of Morgan County, as charged, defendant be and he was thereby removed from office in accordance with the provisions of said section.

The proceeding was begun upon the petition of Dawson and sixteen others, describing themselves as citizens, voters and taxpayers of said county, presented to the court, charging defendant with official misconduct in ways specified, and upon which petition the clerk was ordered to issue a summons containing a copy of said charges to be served on defendant, requiring him to appear before the court on January 2, 1914, to answer the same.

The statute referred to provides for the removal of officers

specified, including commissioners of the county court, but does not specify by whom the charges may be preferred or prosecuted. Certainly this must be done by some one, and by whom more appropriately than by citizens and taxpayers of the county? It is suggested that the proceedings are criminal or quasi criminal in nature, and that no one but the public prosecutor should be permitted to institute or prosecute the same.

In the few cases of this character which have reached this court the proceedings seem to have been begun and prosecuted by citizens and taxpayers just as in this case. *McDonald* v. *Guthrie,* 43 W. Va. 595; *Moore* v. *Strickling,* 46 W. Va. 515; *Roberts* v. *Paul,* 50 W. Va. 528. We see no reason why under said statute they should not be so instituted and prosecuted. While the charges preferred may constitute criminal offenses, and proceedings under said statute may for some purposes partake of the nature of criminal proceedings, they are not strictly so, or even quasi criminal. Besides they are entirely under the control of the court, and we have no doubt, after the charges have been preferred and properly formulated, and ''entered of record by the court,'' as the statute provides, the court may for reasons deemed proper direct the proceedings to be conducted by the prosecuting attorney; but unless moved to do so, and for some potent reason of public justice, we do not see that any error prejudicial to the defendant would be committed by permitting the proceeding to be begun and prosecuted by citizens and taxpayers.

The first point of serious import presented for reversal of the judgment is that conceding the charges to have been ''reduced to writing,'' within the meaning of the statute, they were not ''entered of record by the court,'' as the law prescribes, and when, as it is provided, ''summons shall thereupon be issued by the clerk of such court containing a copy of the charges,'' etc. The language of the statute is: ''The charges against any such officer *shall* be reduced to writing and entered of record by the court,'' etc. It is contended on behalf of defendant that this provision is mandatory, and compliance therewith a prerequisite to any valid proceeding against him; that the statute is not directory, and that the

charges contained in the petition cannot be substituted for the required "entry of record," nor the filing thereof constitute a substantial compliance with the plain mandate of the statute.

In the cases of *Moore* v. *Strickling* and *McDonald* v. *Guthrie, supra,* the statute seems to have been literally complied with. The charges were "reduced to writing" and "entered of record" in the order book, preliminary to the issuing of the summons by the clerk. It would seem the legislature must have employed the word "shall" and the phrase "entered of record" advisedly, for the word "file" is often employed in the Code, particularly in chapter 125, relating to rules and pleading, with its usual and ordinary meaning. The word "file," referring to papers in judicial proceedings, usually means to place them in the custody of the clerk or court, and among the court records. "Filing" originally signified placing papers on a thread or wire for safe keeping. Black's Law Dictionary. When a pleading or other paper is filed in a suit or action it becomes, of course, by virtue of the statute, a part of the record of the case; and if the legislature had intended the mere filing of charges against the officers mentioned in the statute it would have undoubtedly employed words appropriate to indicate that purpose. Having used language of a different import—the mandatory words "shall be  *  *  *  entered of record"— we do not see how within well recognized rules of construction we are to construe them as directory only. "When the word 'shall' is used in a statute, and a right or benefit to any one depends upon giving it an imperative construction, then that word is to be regarded as peremptory." 2 Lewis' Sutherland Stat. Const., 1155. And at page 1153, the same writer says: "The words 'may' and 'shall' are to be taken in their ordinary and usual sense, unless the sense and intent of the statute require one to be substituted for the other."

Generally wherever the rights of the public or of an individual are involved mandatory words of a statute are to be given their usual and natural meaning, and are not to be regarded as directory. And "may" in such cases is usually construed "must." *Ex parte Doyle,* 62 W. Va. 280; *Caven-*

*der* v. *City of Charleston, Id.* 654, syl. 6. In the case before us the public and the defendant are both interested and have rights involved. The public interest may require that the record of the charges should be properly formulated and permanently recorded and preserved; the defendant is entitled to be formally accused in the mode pointed out by the statute. This construction may at first blush seem too technical and as not actually within the intendment of the legislative act; but it is not for the courts to prescribe the formality of the proceedings, but to follow the plain letter of the statute, when its language is plain.

Again as to the words "entered of record." These words are not satisfied by the mere filing of the charges preferred. They have been judicially defined in connection with the construction of statutes using them. "Entered of record" means ordinarily "Copied into the record of the Court." 15 Cyc. 1052; *Waldron* v. *Dickerson,* 52 Iowa 171; *Naylor* v. *Moody,* (Ind.) 2 Blackf. 247, 248; *State* v. *Lamm,* 9 S. D. 418, 69 N. W. 592. And as employed in state constitutions, they have been so construed with reference to legislative proceedings. *Koehler & Lange* v. *Hill,* 60 Iowa 543.

As already noted these proceedings are not criminal. While for some purposes they may partake of the nature of criminal proceedings, so as to require strict compliance with the statute, etc., they are not strictly so, nor is the same strictness required in the proceeding or in the accusations as in indictments for criminal offenses. 29 Cyc. 1406; *Moore* v. *Strickling, supra.* And certainly they are not within the statute of limitations prescribed for criminal prosecutions. Of course the proceeding would have to be begun some time within the terms of the office, otherwise they would be abortive, but not because any statute of limitations so prescribes. No provision of the Constitution or the statute limits the power of removal during the incumbency of the officer, and no rule of law or public policy imposes any such limitation.

The point is also made that the statute, section 7, chapter 7, of the Code, is unconstitutional on the ground that the statute adds grounds of removal other than those prescribed by sec-

tion 6, of Art. IV, of the Constitution. Citing Throop on Public Officers, section 341. The language of the Constitution is, "for official misconduct, incompetence, neglect of duty, or gross immorality"; the statute says for "official misconduct, incompetence, habitual drunkenness, adultery, neglect of duty, or gross immorality." If it could be said that any of the causes specified in the statute are not included within either of the several classes specified in the Constitution, which we think is not the case, the statute would not be thereby rendered wholly void, but void only to the extent that it impinges upon the Constitution. Certainly the charges in the petition and upon which the court found defendant guilty are within the classification prescribed by the Constitution.

The foregoing conclusions, however, do not necessarily result in the final dismissal of the proceedings. The court may yet reduce to writing and formally enter of record, the charges, and upon proper process thereon, proceed to trial and judgment. Our judgment, therefore, will be that the judgment of conviction be reversed, and the case remanded to the circuit court for such further proceedings therein as may be had in accord with the rules and principles herein enunciated, and further according to law.

*Reversed.*