# CHARLESTON.

W. B. KESLING *et al. v.* CLARENCE F. MOORE AND C. E. CAIN.

## (No. 5811)

Submitted September 21, 1926.  Decided September 28, 1926.

1.  COUNTIES—SCHOOLS AND SCHOOL DISTRICTS—*Under Statute Prescribing Procedure for Removal of County and District Officers, Application for Appeal Must be Made Within Reasonable Time, Dependent on Circumstances (Code, c. 7, § 7, and chapter 135, §§ 1, 3; Acts 1872-73, c. 17, §§ 1, 3).*

    The statute prescribing the procedure for the removal from office of county and district officers, not fixing the time within which the appeal to this court therein provided for shall be taken, an application for an appeal must be made within a reasonable time, and what is a reasonable time will be determined by the circumstances of each case.    (p. 253.)

    (Appeal and Error, 3 C. J. § 1091.)

2.  OFFICERS—

    Misconduct in office is any unlawful behavior by a public officer in relation to the duties of his office, wilful in character. (p. 257.)

    (Officers, 29 Cyc. p. 1449.)

3.  SCHOOLS AND SCHOOL DISTRICTS—*For District Officer to be or Become Pecuniarily Interested in Proceeds of Contract, in Letting of Which He May Have Voted, Constitutes "Misconduct in Office" (Code, c. 151, § 16a).*

    The commission of the acts prohibited by section 16a, chapter 151, Barnes' Code 1923, constitutes misconduct in office. (p. 258.)

    (Schools and School Districts, 35 Cyc. p. 892.)

4. JURY—*In Proceeding to Remove County or District Official from Office He is Not Entitled to Jury Trial (Code, c. 7, § 7).*

In a proceeding for removal from office of a county or district officer, pursuant to the provisions of section 7 of chapter 7 of the Code, the officer proceeded against is not entitled to a jury trial. (p. 258.)

(Juries, 35 C. J. § 75.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of Syllabi.)

Error to Circuit Court, Taylor County.

Proceeding by W. B. Kesling and others, citizens and taxpayers, to remove from office Clarence F. Moore and another, members of a district board of education. Judgment removing defendants from office, and they bring error. On motions to dismiss the writ of error and to affirm the finding and judgment of the circuit court.

*Affirmed.*

*W. P. Samples* for plaintiffs in error.
*Robinson, Warder & Robinson* for defendants in error.

MILLER, JUDGE:

We have before us for consideration two motions, one to dismiss the writ of error heretofore awarded in the case of Kesling and others vs. Clarence F. Moore and C. E. Cain, and the other to affirm the finding and judgment of the circuit court therein.

The original proceeding before the circuit court was instituted by certain citizens and taxpayers, praying for the removal from office of the defendants, members of the district board of education. The circuit court found that the defendants were guilty of misconduct in office, and by the judgment complained of, removed them from office. From this judgment a writ of error was awarded on August 11, 1926, in vacation, by one of the judges of this court.

The first ground assigned for dismissal of the writ of error is that the stay of execution on the judgment of May 20, 1926, having expired before the writ was awarded, the judgment of removal had then become executed, and the defend-

ants were no longer in office; and that the case is, therefore, a moot one. A number of our cases are cited for this proposition; but an examination of these cases discloses the fact that in each case the term of office of the officer removed had expired when the motion to dismiss was made.

The statute, section 7 of chapter 7 of the Code, designating the circuit courts as the tribunals for the removal from office of county and district officers for official misconduct and on the other grounds therein enumerated, provides: ''Proceedings under this section shall be speedily heard and determined, and an appeal shall lie to the supreme court of appeals of this state from any order removing or refusing to remove, any officer proceeded against hereunder.''

It is to be noted that the statute does not prescribe the time within which such appeal shall be taken. But for the provision of the statute giving the supreme court of appeals jurisdiction in such cases, this court would be without jurisdiction, for such cases do not come within those enumerated in section 1 of chapter 135 of the Code; and it does not appear that section 3 of said chapter, prescribing the time within which petitions for appeals and writs of error shall be presented to this court or to a judge thereof in vacation, applies in any cases other than those named in section 1 thereof. Acts 1872-73, chapter 17. And the statutes giving this court jurisdiction of appeals from boards, commissions and certain other inferior tribunals, in cases involving public interests, prescribe the time in which an appeal shall be taken, for example, from the state compensation commissioner, in ninety days, from the public service commissioner, in sixty days, and from an order of the governor removing a state officer from office, thirty days. In view of the nature of cases of removal from office, the provision of the statute quoted, that ''proceedings under this section shall be speedily heard and determined,'' and the provisions of sections 1, 2, and 3 of chapter 17, Acts 1872-73, we do not think that the provision of the latter act as to the time allowed for appeals to this court applies to cases of the kind under consideration.

Then, within what time must an appeal be taken? In the case of criminal appeals from judgments of justices of the peace, where the statute allowing such appeals does not prescribe the time within which they shall be taken, we have held that the application must be made within a reasonable time, and that what is a "reasonable time" must be determined from the circumstances of each case. *State* v. *Emsweller,* 78 W. Va. 214; *State* v. *Tharp,* 81 W. Va. 194; *Nicely* v. *Butcher,* 81 W. Va. 247; *State* v. *Richards,* 91 W. Va. 22. We think the same rule should be applied here.

The judgment of the circuit court here complained of was entered on May 20, 1926, and the term of the court at which it was entered adjourned June 11, sixty-one days before the writ of error was awarded. The final order of the circuit court suspended the judgment for a period of sixty days from the rising of the court, to enable defendants to make application to this court for a writ of error and supersedeas. Defendants' bill of exceptions was signed by the circuit judge on July 7th, and their petition for a writ of error was filed in the office of the clerk of this court on July 12th. The January 1926 term of this court adjourned June 25th; and the defendants' petition and the record in the case were brought to the attention of one of the judges of the court, in vacation, on August 11th. Under the circumstances we think defendants exercised due diligence in perfecting an appeal.

In view of the foregoing, it becomes unnecessary to respond further to plaintiffs' contention that defendants removal became effective when the stay granted by the circuit court expired, and that the case thereupon became a moot one.

In support of their motion to affirm the judgment of the circuit court, plaintiffs assign several reasons, among them, that the matter is one of public importance, and that the allegations of the petition for removal were fully and clearly proved.

The charges in the petition for removal of the defendants were evidently based on the provisions of section 16a of chapter 151 of the Code, making it unlawful for any district school officer "to be or become directly or indirectly, pecun-

iarily interested in the proceeds of any contract or service, or in furnishing any supplies in the contract for, or the award or letting of which, as such member or officer, he may have any vote or control.'' This section makes the violation of the provision quoted a misdemeanor, and imposes a fine on the officer found guilty of the offense, and further provides that he shall forfeit, for the benefit of the school fund, ''the amount of said pecuniary interest, to be ascertained by the jury trying the case.''

The petition alleges that defendants were guilty of official misconduct, in the particulars therein set out; that they were both directly and indirectly pecuniarily interested in the proceeds of certain contracts and services, namely, that they wilfully entered upon and carried out a program of violating the statute and of performing certain services and furnishing certain supplies for the maintenance of the school buildings and other school properties of the district, and by certain direct and indirect ways paid themselves out of the funds of the district for said services and supplies; that between September 27, 1923, and October 6, 1924, they caused to be issued to themselves and to the son of the defendant C. F. Moore, sixteen several orders, amounting to $984.97. These orders are set out separately in the petition, with the date and amount of each, and to whom payable, and with a full description of the services claimed to have been rendered and the supplies furnished. As to one order for $126.50, issued in the name of H. A. Moore, son of the defendant C. F. Moore, it is alleged that the labor claimed to have been performed was by the said C. F. Moore, and that the order was paid to him.

By their answer the defendants admit that they issued to themselves the orders as alleged, but deny that they did so in wilful disregard of the statute, or in pursuance to a general plan to violate the statute, and aver that they only performed the labor and furnished the supplies for which they were paid out of the district funds, after they had exhausted every effort to secure others to do the same. That defendants issued orders to themselves and the son of the defendant Moore for

labor performed and supplies furnished, is fully established by their own testimony; as is the fact that they voted to issue such orders. Defendant Moore testified that the third member of the board was not present at the meetings when some of these orders were issued, and that he and Cain voted to allow them. The circuit court, as evidenced by his written opinion in the case, found that at first the defendants experienced some difficulty in securing labor to clean out some of the sanitary closets or toilets, but that after this they began to do the work themselves and did not try to secure the services of othérs. The evidence fully justified the court in arriving at this finding of fact. Defendants' bills or statements upon which the orders were issued are not in evidence, if any were in fact ever made out and presented for payment; and the evidence does not disclose how much of the labor claimed to have been performed was done in cleaning out toilets, if that question is material. Both defendants admit that they built coal houses, painted two or three school houses, and did general repair work, such as putting in window glass and repairing doors. No attempt was made to explain why defendants were required to furnish the supplies and materials purchased by the board. We are convinced that the circuit court was justified in finding that defendants committed the acts prohibited by the statute.

In view of all the facts and circumstances disclosed by the record, and the statute relating to removal from office, should the motion to affirm be considered at this time, and the case finally disposed of, without waiting for the printing of the record and the placing of the case on a future argument docket for hearing? The defendants admit that they committed the acts prohibited by the statute. The statute providing for the trial of charges to remove county and district officers, requires a speedy hearing and determination of the proceeding. Does not this extend to the appeal given by the statute? This is undoubtedly a matter of public importance, and was so recognized by the legislature in providing that such proceeding "shall be speedily heard and determined." It does not appear whether or not the vacancies caused by the

removal of defendants have been filled by appointment; but to allow this proceeding to take the regular course of printing of the record, docketing the case for hearing, and submission at a later date, could delay the proceeding until the terms of office of defendants would terminate. A general election will be held within a few weeks, and there is yet ample time in which to place on the ballot the names of candidates for the offices made vacant by the judgment of the circuit court, if that judgment be affirmed.

On the merits of the case, the first ground assigned for reversal of the judgment is that the circuit court erred in not sustaining defendants' demurrer to the petition for removal. They contend that the charges made in the petition do not constitute an offense for which they may be removed from office, and that the violation of section 16*a* of chapter 151 of the Code does not constitute official misconduct.

"By official misconduct is meant any unlawful behavior in relation to the duties of his office, wilful in its character, by any officer intrusted in any manner with the administration of justice or the execution of the laws." 23 Am. & Eng. Enc. Law, (2nd ed.), 442. "Any unlawful behavior by a public officer in relation to the duties of his office, wilful in character." Black's Law Dictionary, (2nd ed.), 849. "Misconduct in office means any unlawful misbehavior in regard to the duties of an office, wilful in its character." 3 Words & Phrases, (2nd Ser.), 405, citing *State* v. *Blair,* 71 Ohio St. 410. See also, 40 C. J. 1221, and cases cited. "The official doing of a wrongful act, or the official neglect to do an act which ought to have been done, will constitute the offense, although there was no corrupt or malicious motive." Mechem on Public Offices and Officers, § 458. "There is a manifest distinction between a case of misconduct, resulting in loss of office only, and the charge of a legal crime, which requires proof of criminal intent before conviction, and punishment of the person or fine or imprisonment after conviction. In the latter there must be a direct charge of the criminal intent and criminal act. 'Misconduct' does not necessarily imply corruption or criminal intent. We think the legislature used

the word in its more extended and liberal sense. This statute is not, strictly speaking, a penal statute, but rather remedial and protective.'' *State* v. *Leach,* 60 Me. 58, 11 Am. Rep. 172.

The petition in this case charges that defendants *wilfully* committed the acts prohibited by the statute, and that they *knowingly* and *wilfully* violated the statute. It may be said that the violation of the statute or the commission of the acts prohibited were personal and not official acts; but whether the legislature so intended or not, here the charges are that defendants in their official capacity participated in violating the statute by making the contracts in which they were pecuniarily interested, and in issuing to themselves orders, and receiving money on such orders. There could be no act constituting the offense, without participation therein by the officers in their official capacity. As officers they were guilty of unlawful behavior, by participating in the commission of the acts constituting the offense of which they were personally guilty. It would be difficult and extremely technical to distinguish between the official and personal phases of the acts prohibited, when we consider the purpose of the statute. Manifestly the purpose of the statute was to protect the public. The finding that defendants committed certain acts prohibited by the statute, does not convict them of the criminal offense created by the statute. That would require a charge and proof of criminal intent. *State* v. *Leach, supra.* But the acts charged do constitute unlawful behavior in their official capacity. We think the petition good on demurrer.

The ruling of the trial court refusing defendants a jury trial is assigned as error. In *Moore* v. *Strickling,* 46 W. Va. 515, this court said that the act giving the circuit court jurisdiction to try charges against a public officer, ''wholly excludes the idea of a jury trial, and plainly imposes on the court, in the person of the judge thereof, the duty of investigating the matter, hearing the evidence, and, if satisfied of the truth of the charge, removing the incumbent.'' In the opinion in that case, Judge DENT discussed at length the question of due process of law and jury trial.

Error is assigned in the action of the court in striking out from defendant's answer "the first paragraph beginning on the second page thereof." From the transcript of the record before us, it is impossible to identify the paragraph referred to. This assignment of error is too indefinite. Besides, we do not find in the record any motion to strike out a part of the answer, or any order of the court striking out a part thereof.

Defendants also assign error in the overruling of their motion for a continuance on account of the absence of the witnesses Lake, Hedges and Hibbs. The witness Lake afterwards appeared and testified. Defendants testified that they expected to prove by the witness Hibbs that he was unable to secure anyone to do the same kind of work in his district and offered to employ them. This was immaterial. It does not appear that proper effort was made to have the witness Hedges present at the trial. A subpoena was issued and placed in the hands of the sheriff of Taylor County, when defendants knew the witness was not in the county, and "understood he was in the southern part of the state." Petitioners admitted on the record that if these witnesses were present, they would testify to the facts stated by defendants. Defendants could not have been prejudiced by the overruling of this motion.

Error is assigned in not requiring petitioners to produce the contracts set out in their petition; but it was not alleged that the contracts were in writing. And defendants on the trial testified that none of the contracts were in writing, but admitted that the members of the board agreed among themselves to do the work, and that they expected to be paid for the same. This assignment of error is also without merit.

The judgment of the circuit court will be affirmed.

*Affirmed.*