# CHARLESTON.

FISHER, *Who Sues etc.* v. JACKSON

(No. 6073)

Submitted March 5, 1929.    Decided March 12, 1929.

*Gibson & Mattingly* and *P. J. Crogan*, for plaintiff in error.
*G. W. Ford*, for defendant in error.

WOODS, PRESIDENT:

This is a proceeding under section 7 of Chapter 7, Code, for the removal from office of a member of the board of education of Kingwood district, Preston county, on the ground that he had violated section 16-a of Chapter 151, Code, in this, that while a member thereof he had performed certain labor for and furnished certain materials to the board and had received payment therefor out of the funds of said board. This writ is prosecuted from an order removing such officer.

Defense is made that certain of the supplies were furnished prior to the beginning of his term of office as a member of the board; that a part of the work was performed for and at the request of one C. C. Herring, who had been hired by the other two members of the board as foreman over a piece of cement work, and that he was paid by Herring; and that all other supplies were furnished and labor performed at the urgent request of the school officials in order to permit school to continue.

In direct reference to the question presented, the statute (section 16-a of Chapter 151 of the Code) makes it unlawful for any district school officer ''to be or become directly or indirectly, pecuniarily interested in the proceeds of any contract or service, or in furnishing any supplies in the contract for, or the award or letting of which, as such member or officer, he may have any voice or control.'' This Court, in *Kesling* v. *Moore*, 102 W. Va. 251, held that the commission of any of the acts prohibited by said section constitutes misconduct in office, such as will warrant removal under section 7 of Chapter 7 of the Code. As pointed out in that case it is not necessary to prove criminal intent to warrant a finding of ''misconduct'' on the part of the member of the board.

We find that the first item of $61.50 for roofing, etc., was furnished before the defendant's term of office began. Such being the case, he could not be held guilty of misconduct under the statute on account of this item. If he was entitled

to payment before induction into office, he was entitled to payment thereafter as well.

The defendant admits that he built certain cement forms under the direction of C. C. Herring, foreman; that the board issued its warrant to Herring for his (defendant's) work; that he (defendant) presented the same to the sheriff for payment; and that he received $47.20 for this work. Defendant states that Mr. Meredith, the president, and Mr. Zinn, a member of the board, hired Mr. Herring to take charge of the work, and that he (defendant) did not know anything about it until Meredith asked about the competency of Herring. As to the manner of payment, the following cross-examination is enlightening:

Q. Who paid you? A. Mr. Herring. Q. Who paid Mr. Herring? A. The board of education. Q. Did the board of education repay to Mr. Herring the money he paid to you? A. They did, knowing full well what they were doing. Q. Who made the motion to pay that? A. Perhaps I did; I don't recall. * * * Q. And you did participate in the allowance of orders for payment to him? A. Yes sir." After stating that the board of education paid the other laborers direct, he was asked: "Q. Why didn't Mr. Herring pay them and then the board pay Mr. Herring as was done in your case? A. Well, I can't answer that question, because I don't know just why it was." He admits that he, as well as the other members of the board, knew of the statute invoked in this case. It is argued that defendant was in fact working for C. C. Herring, and not for the board. Even if this were true, the statute covers such a situation. A member of the board will not be permitted to participate in the letting of a contract to one, and then derive benefit indirectly therefrom by working for the party obtaining the contract. The plain mandate of the statute denies him the right to receive a benefit by indirection where he may not profit directly.

The purpose of the statute is to safeguard the public purse. It extends to all contracts or service in which a member "may have any voice or control". To permit a member of a district school board, by reason of non-action on his part in regard to a particular matter, to receive pecuniary benefit

therefrom, either directly or indirectly, would defeat the very purpose of the statute, for ·it would permit connivance on the part of the several members and the awarding of contracts so as to inure indirectly to their benefit. It is also argued that the work was performed by the defendant in an emergency. If such defense be justifiable under the statute, the proof does not bear out the contention. Herring, who could have cleared up this matter, was not called as a witness. So, the effect of such a situation is not in issue here.

Being of the opinion that the acceptance of remuneration through Herring amounted to misconduct, the order of the circuit court in removing the defendant must be upheld. This makes a consideration of the other item unnecessary.

The judgment is, therefore, affirmed.

*Affirmed.*