JOHN M. WHITE *et al.* v. LEE GAINER *et al.*

(No. 7301)

Submitted April 20, 1932.   Decided April 26, 1932.

*J. D. Jones*, and *A. G. Mathews*, for appellant.
*Homer Strosnider*, for appellees.

LITZ, JUDGE:

Defendant, Lee Gainer, complains of a judgment of the circuit court, removing him from office as a member of the

county court of Gilmer county on the charge that he and the other members of the court, through the county road engineer, employed his six sons as laborers on the county roads. Chapter 17, article 19, section 8, Code 1931, provides: "It shall be unlawful for any county court, or any county engineer or supervisor, or district road superintendent, to appoint or employ, as a laborer on the public roads, the father, son, son-in-law, grandson, brother, brother-in-law, nephew or first cousin by blood of any member of such court of such engineer or supervisor or superintendent; provided, a sufficient amount of other efficient labor can be secured within the vicinity. Any person violating the provisions of this section shall be guilty of a misdemeanor, and, on conviction thereof, shall be fined not less than ten nor more than one hundred dollars." The trial court decided that the violation of this statute by a member of a county court constitutes official misconduct, justifying his removal from office. In *Kesling* v. *Moore*, 102 W. Va. 251, 135 S. E. 246, it is held that misconduct in office is any unlawful behavior by a public officer in relation to the duties of his office, willful in character.

Errors in procedure are first assigned. It is claimed on behalf of defendant (1) that the petition, specifying the charges, filed in the name of forty voters of the county (in accordance with section 7, article 6, chapter 6, Code), is a writ within the meaning of section 8, Article II of the constitution, requiring all writs issued under the authority of the state to run in the name of the state; and (2) that an amendment to the petition was improperly authorized.

The petition or written charges which the statute authorizes to be filed in the name of a county officer or at least five voters, is in no sense a writ. The writ is the summons issued after the filing of the petition, "containing a copy of the charges."

The charges as originally drafted and filed did not aver that the acts had been done willfully. For this reason, a demurrer thereto was sustained. Whereupon, by motion of the petitioners, an order was entered amending the petition to meet the ruling of the court. As the statute requires the

charges to be entered of record before the issuance of process, it is contended that the proceeding should have been dismissed after the demurrer had been sustained. In *Dawson* v. *Phillips,* 78 W. Va. 14, 88 S. E. 456, it was held that the requirement is mandatory. We are of opinion, however, that the amendment, in the manner stated, is authorized under the statute. The proceeding is not strictly criminal or quasi criminal in its nature, although the charges preferred may constitute criminal offenses. Considering the legislative purpose in requiring the filing and recording of formal charges in such proceeding, Judge Miller, speaking for the court in *Dawson* v. *Phillips,* said that public interest may require the charges to be properly formulated and preserved, and that defendant is also entitled to be formally accused.

The chief reliance for reversal is that the evidence does not definitely show that a sufficient amount of other efficient labor could have been secured in the vicinity of the work.

After reviewing the voluminous testimony of many witnesses, presenting this issue, we are not inclined to reverse the finding of the trial court. Illustrative of the trend of the evidence, Curtis V. Rector, a road contractor, who testified to the importance of dependable laborers for the character of work performed by some of the Gainer brothers, admitted on cross-examination that it was unnecessary to hire the sons of the court members in order to secure skilled workmen on the roads from the population of the county.

The judgment is, therefore, affirmed.                       *Affirmed.*