103 S.E.2d 797 (1958)
STATE of West Virginia ex rel. A. P. LEEBER and H. Dale Covey,
v.
The BOARD OF EDUCATION OF COUNTY OF RALEIGH et al.
No. 10981.
Supreme Court of Appeals of West Virginia.
Submitted April 22, 1958.
Decided June 3, 1958.
Robert J. Ashworth, Beckley, Chas. E. Mahan, Fayetteville, for relators.
Anthony J. Sparacino, Pros. Atty., Raleigh County, Beckley, for respondents.
GIVEN, Judge.
In this original proceeding in mandamus, instituted by the State at the relation of A. P. Leeber and H. Dale Covey, herein referred to as petitioners, against The Board of Education of the County of Raleigh, Carl G. Jarrell, President of the Board, Sherman C. Trail, Secretary of the Board, *798 and Carl G. Jarrell, B. C. Callaway, James H. Trail, Members of the Board, George B. Chambers and Fred X. Williams, defendants, the petitioners pray for a writ commanding the Board of Education of Raleigh County and the members thereof to restore or reinstate petitioners as members of that body. Petitioners allege, in effect, that they are duly elected and qualified members of the Board of Education, and that they have been denied the rights of office by a majority of the board; and that the board of education has attempted to appoint in their stead the defendants George B. Chambers and Fred X. Williams. Defendants demurred to the petition and also answered, alleging, in effect, that the action of the board of education was taken pursuant to a judgment of the Circuit Court of Raleigh County, prosecuted for the purpose of having petitioners removed from office. The matter is disposed of on the petition, demurrer, answer and briefs.
In a proceeding instituted by R. C. Swim and four other voters of Raleigh County, in the circuit court of that county, against the petitioners in the instant proceeding, pursuant to the provisions of Code, 6-6-7, a judgment was sought vacating the offices of petitioners as members of the Board of Education of Raleigh County. After hearing, on February 7, 1958, the circuit court entered an order which "Adjudged that the respondents, A. P. Leeber and H. Dale Covey, shall cease and desist from exercising any duties as members of the Board of Education of Raleigh County, West Virginia, and they shall be and they are hereby removed as members of the Board of Education of Raleigh County, West Virginia * * *." The circuit court refused the petitioners a stay to the judgment.
On March 4, 1958, petitioners applied to the Supreme Court of Appeals for a writ of error and supersedeas to the final order of the circuit court and, on March 24, 1958, the writ of error and supersedeas was granted, and is now pending. On March 26, 1958, the Board of Education of Raleigh County, by order entered, attempted to fill the vacancies as to the offices of petitioners, the vacancies supposed to have been created by the entry of the final order of the circuit court.
The statute authorizing the procedure for removal from office of certain officers under which the proceeding in the circuit court was prosecuted, Code, 6-6-7, provides that such a proceeding may be prosecuted by five or more voters, and defines the grounds on which removal may be had. The statute specifically provides that "The charges shall be reduced to writing and entered of record by the court, or the judge thereof in vacation, and a summons shall thereupon be issued by the clerk of such court containing a copy of the charges and requiring the officer or person named therein to appear before the court or judge, at the courthouse of the county where such officer resides, and answer the charges on a day to be named therein * * *".
Questions are raised as to the effect of the supersedeas awarded by this Court, petitioners contending that the supersedeas had the effect of staying the force of the order of removal, while defendants contend that the order was self executing and not reached by the supersedeas, so that the effect of the removal order, notwithstanding the supersedeas, created vacancies in the offices of petitioners. A further contention is made by petitioners to the effect that the removal order was void for the reason that the procedure provided by the statute, under which the proceeding for removal was prosecuted, was not substantially followed. It is established herein that, though the charges against petitioners were reduced to writing and filed, they were not actually "entered of record". Because of the conclusion of the Court as to the invalidity of the removal order, we do not reach other questions.
In Dawson v. Phillips, 78 W.Va. 14, 88 S.E. 456, we held: "2. The requirement of said statute that the charges against such public officers `shall be reduced to writing *799 and entered of record by the court,' is mandatory, and must be literally complied with as a prerequisite to valid process against the defendant to answer the same. The mere filing of the petition of complainants containing the charges and the issue of process thereon, will not satisfy the other requirements of the statute." In the opinion, the Court stated: "* * * The charges were `reduced to writing' and `entered of record' in the order book, preliminary to the issuing of the summons by the clerk. It would seem the legislature must have employed the word `shall' and the phrase `entered of record' advisedly, for the word `file' is often employed in the Code, particularly in chapter 125, relating to rules and pleading, with its usual and ordinary meaning. The word `file,' referring to papers in judicial proceedings, usually means to place them in the custody of the clerk or court, and among the court records. `Filing' originally signified placing papers on a thread or wire for safe keeping. Black's Law Dictionary. When a pleading or other paper is filed in a suit or action it becomes, of course, by virtue of the statute, a part of the record of the case; and if the legislature had intended the mere filing of charges against the officers mentioned in the statute it would have undoubtedly employed words appropriate to indicate that purpose. Having used language of a different importthe mandatory words `shall be * * * entered of record'we do not see how within well recognized rules of construction we are to construe them as directory only * * *". See State ex rel. Fox v. Brewster, 140 W. Va. 235, 266, 84 S.E.2d 231; Alexander v. Ritchie, 132 W.Va. 865, 53 S.E.2d 735; Hunt v. Allen, 131 W.Va. 627, 53 S.E.2d 509; Arbogast v. Shields, 123 W.Va. 167, 14 S.E.2d 4; White v. Gainer, 112 W.Va. 221, 164 S.E. 247; Fisher v. Jackson, 107 W.Va. 138, 147 S.E. 541; Kesling v. Moore, 102 W.Va. 251, 135 S.E. 246.
From the authorities cited, indeed from the statute itself, it is clear that the Circuit Court of Raleigh County acquired no jurisdiction to hear or determine the charges against petitioners or even issue process against them, until such charges were entered of record. Clearly, therefore, the removal order was void, and no vacancy was created by the entry thereof.
In Hertzog v. Fox, Mayor, 141 W.Va. 849, 93 S.E.2d 239, we held: "1. Mandamus is the proper remedy to admit or restore to office a person who shows a clear legal right to an office and is wrongfully excluded from it."
It is clear, therefore, that a peremptory writ should issue, commanding and directing defendants to recognize and admit petitioners as members of the Board of Education of Raleigh County, and to cease any interference with the rights and duties of petitioners in the performance of their duties and functions as to the offices to which they were elected.
Writ awarded.