R. C. Swim, *et al.*

*v.*

A. P. Leeber, *et al.*

(No. 10975)

Submitted September 9, 1958. Decided October 7, 1958.

*R. J. Ashworth, Chas. E. Mahan,* for plaintiffs in error.
*Thornhill & Thornhill,* for defendants in error.

Haymond, President:

This statutory proceeding based on Section 7, Article 6, Chapter 6, Code, 1931, was instituted in the Circuit Court of Raleigh County, West Virginia, on November

19, 1957, by the petitioners, R. C. Swim, Thomas Rose, J. D. Swim, W. W. Vines and Albany Milam, five voters of that county, to remove from office the defendants, A. P. Leeber, H. Dale Covey and Sherman C. Trail, members of the Board of Education of the County of Raleigh, for alleged violations of Section 15, Article 10, Chapter 61, and for official misconduct and malfeasance in office in violation of Sections 5, 6 and 7, Article 6, Chapter 6, Code, 1931, and of Article IV, Section 6, of the Constitution of this State.

The charges filed by the petitioners are set forth in seven separate specifications against the defendant Leeber, seven separate specifications against the defendant Covey, and two separate specifications against the defendant Trail. Upon the filing of the petition a summons, returnable November 25, 1957, was issued by the clerk of the circuit court and duly served upon the defendants. The charges, though filed and incorporated in the petition, were not entered of record by the circuit court.

All the defendants filed their joint and several demurrers and the defendants Leeber and Covey filed their separate pleas of the statute of limitations to the petition. The circuit court sustained the demurrer to each of the specifications against the defendant Leeber except specification 4 of the petition and overruled the demurrer as to that specification; sustained the demurrer to each of the specifications against the defendant Covey, except specifications 1 and 2 of the petition and overruled the demurrer as to those two specifications; and sustained the demurrer to all the specifications against the defendant Trail and dismissed the proceeding as to him.

The charge against the defendant Leeber in specification 4 of the petition is that on or about May 6, 1957, he became indirectly pecuniarily interested in the award of a continuing contract of employment between the board of education and his wife, Helen Leeber; that as a member of the board he had a voice and influence;

that at a meeting of the board on May 6, 1957, he voted affirmatively on a motion to hire her to teach at Beckley Junior High School in Beckley, West Virginia; that he was indirectly pecuniarily interested in the proceeds of the foregoing continuing contract of employment of his wife; and that his action violated Section 15, Article 10, Chapter 61, Code, 1931, and constituted official misconduct in office.

The charge against the defendant Covey in specification 1 of the petition is identical in character with the charge against the defendant Leeber in specification 4 of the petition and relates to a meeting of the board on June 6, 1957; and the charge in specification 2 of the petition is that on June 6, 1957, Covey executed in behalf of the board of education, as its president, a contract of employment with his wife, Margaret Covey, in violation of the provisions of Sections 5, 6 and 7, Article 6, Chapter 6, Code, 1931, and that such contract was a contract in which, as a member of the board, he was pecuniarily interested, in violation of Section 15, Article 10, Chapter 61, Code, 1931.

The proceeding was heard upon the charges of the petition in specification 4 against the defendant Leeber and in specifications 1 and 2 against the defendant Covey, the separate pleas and answers of those defendants, and evidence introduced in behalf of the petitioners.

The defendants Leeber and Covey did not introduce any evidence but moved the court to strike the evidence introduced by the petitioners and to dismiss the proceedings against the defendants. The court overruled the motion and by its judgment, entered February 7, 1958, found the defendant Leeber guilty of the charge against him in specification 4 and the defendant Covey guilty of the charges against him in specifications 1 and 2, ordered them to cease and desist from performing any duties as members of the Board of Education of the County of Raleigh, removed them from office as members of the board, and required them forthwith to surrender and

deliver to the remaining members of the board or the superintendent of schools of Raleigh County all records and property of the board then in the custody of the defendants. The court also suspended execution of the judgment for a period of thirty days to enable the defendants to apply to this Court for a writ of error but refused to suspend the order of removal or to permit the defendants to continue to act as members of the board. To that judgment this Court granted this writ of error and supersedeas on March 24, 1958, upon the application of the defendants Leeber and Covey.

After this Court granted this writ of error and supersedeas the Board of Education of Raleigh County on March 26, 1958 held a meeting, at which a quorum was present, and by order entered of record attempted to select two other persons as members of the board to serve in the place and stead of the defendants Leeber and Covey in an effort to fill the purported vacancies created by the judgment of the circuit court in removing them from office.

On April 8, 1958, Leeber and Covey, as petitioners, instituted a proceeding in mandamus in this Court against the Board of Education of Raleigh County, the other members of the board, and the two persons selected by the board as members in the place and stead of Leeber and Covey. Upon a hearing of that proceeding this Court, on June 3, 1958, issued a writ of mandamus which commanded and directed the defendants in that proceeding to recognize and admit Leeber and Covey as members of the board and to cease to interfere with them in the performance of their duties and functions as such members.

By their assignments of error the petitioners seek reversal of the final judgment of the circuit court on substantially these grounds: (1) The charges against the petitioners, though reduced to writing, were not entered of record by the court; and (2) the charges contained in the specifications of which the petitioners were

found guilty do not state valid grounds for their removal from office and the evidence is not sufficient to establish the misconduct charged against them.

The defendants contend that, though the charges were not entered of record, this proceeding should not be dismissed for that reason; that the charges and the evidence to support them are sufficient to sustain the judgment of the circuit court; and that the judgment should be affirmed by this Court.

Section 7, Article 6, Chapter 6, Code, 1931, relating to the removal of any person holding any county, magisterial district, independent school district, or municipal office, including the office of a member of a board of education, on certain grounds or for certain causes such as official misconduct, malfeasance in office, incompetence, neglect of duty, or gross immorality, provides that the charges which may be preferred "shall be reduced to writing and entered of record by the court, or the judge thereof in vacation, and a summons shall thereupon be issued by the clerk of such court containing a copy of the charges and requiring the officer or person named therein to appear before the court or judge, at the courthouse of the county where such officer resides, and answer the charges on a day to be named therein, which summons shall be served in any manner by which a summons commencing a civil suit may be served, and at least five days before the return day thereof."

In *Dawson* v. *Phillips*, 78 W. Va. 14, 88 S. E. 456, a removal proceeding based upon a statute which expressly provided that the charges preferred "shall be entered of record by the court", this Court held in point 2 of the syllabus that "The requirement of said statute that the charges against such public officers 'shall be reduced to writing and entered of record by the court,' is mandatory, and must be literally complied with as a prerequisite to valid process against the defendant to answer the same. The mere *filing* of the petition of complainants containing the charges and the issue of process thereon,

will not satisfy the other requirements of the statute."
In *State ex rel. Leeber and Covey* v. *The Board of Education of the County of Raleigh*, 143 W. Va. 584, 103 S. E. 2d 797, the proceeding in mandamus previously mentioned in this opinion, this Court, following the *Dawson* case, held in the syllabus with respect to the charges in the instant proceeding that "The requirement of Code, 6-6-7, that the charges preferred against an officer 'shall be reduced to writing and entered of record' are mandatory, and compliance therewith is necessary to give the court jurisdiction of the proceeding."

Under the statute, as applied by this Court in the two cited cases, the judgment of the circuit court removing the petitioners from office and all proceedings in that court subsequent to the filing of the petition were null and void because of its lack of jurisdiction to hear and determine the issues involved and its action in entering such judgment, of course, constituted reversible error. For that reason alone the judgment is reversed by this Court.

In a proceeding to remove from office a member of a county board of education under Section 7, Article 6, Chapter 6, Code, 1931, which is not matured for hearing in a circuit court because of its failure to enter of record the charges against such member, this Court will not consider or review the merits of the proceeding or dismiss it but will reverse a void judgment of removal and remand the case for such further proceedings as may be proper in accordance with established principles of law.

In the opinion in *Dawson* v. *Phillips*, 78 W. Va. 14, 88 S. E. 456, in which, as here, the charges preferred, though reduced to writing, were not entered of record by the court, this Court reached the conclusion that the failure to enter the charges of record did not necessarily result in the final dismissal of the proceeding and in the opinion said: "The court may yet reduce to writing and formally enter of record, the charges, and upon proper process thereon, proceed to trial and judgment. Our judg-

ment, therefore, will be that the judgment of conviction be reversed, and the case remanded to the circuit court for such further proceedings therein as may be had in accord with the rules and principles herein enunciated, and further according to law."

Under the holding in the *Dawson* case, the judgment of the circuit court removing the petitioners from office as members of the board of education is reversed and this case is remanded to the Circuit Court of Raleigh County for such further proceedings as may be had in accordance with the pronouncements in this opinion and established principles of law.

*Judgment reversed;*
*proceeding remanded.*