424 S.E.2d 251

**In re Petition to Remove Harry REITTER, Larry T. Main, Pat Butto, Jr., and Robert Paysen, as Members of the Brooke County Solid Waste Authority.**

**Larry T. Main, as Member of the Brooke County Solid Waste Authority, Appellant,**

**Silvio Paesani, et al., Appellees.**

**No. 21174.**

Supreme Court of Appeals of West Virginia.

Submitted Sept. 8, 1992.

Decided Nov. 13, 1992.

---

Paul T. Tucker, Jeffrey A. Holmstrand, Rhonda L. Wade, Bachmann, Hess, Bachmann & Garden, Wheeling, for appellant.

Mark B. Chernenko, William E. Watson & Associates, Frank Cuomo, Jr., Wellsburg, for appellees.

McHUGH, Chief Justice:

The respondents, Larry T. Main, Pat Butto, Jr., Robert Paysen and Harry Reitter, seek review of the order of a three-judge panel removing Mr. Main as a member of the Brooke County Solid Waste Authority for official misconduct, and granting the other respondents' motion for summary judgment insofar as they were not found guilty of official misconduct.[1] Upon review of the record before us, we conclude that the order should be reversed, in part, and affirmed, in part.

I

The respondents were appointed members of the Brooke County Solid Waste Authority (hereinafter "BCSWA"). One of the petitioners, Silvio Paesani, was also an appointed member of the BCSWA.

At a meeting of the BCSWA held in the spring of 1991, respondent Main, then chairman of the BCSWA, submitted a letter to the members of the BCSWA from his employer, the Brooke County Health Department (hereinafter "health department"). In that letter, the administrator of the health department, John W. Bertram, sought reimbursement for the wages and benefits paid to respondent Main while he was performing duties for the BCSWA during his scheduled office hours at the health department.[2] The majority of the members

---

1. Although the three-judge panel granted the motion for summary judgment to the extent that respondent Reitter, respondent Butto and respondent Paysen were not guilty of official misconduct, it denied the motion in all other respects.

2. The bill also included such expenses as photocopying costs.

of the BCSWA voted to reimburse the health department in compliance with Mr. Bertram's request,[3] while petitioner Paesani voted against paying the health department with BCSWA funds and asserted that there was no provision authorizing such a reimbursement. On May 27, 1991, the BCSWA issued a check to the health department in the amount of $1,643.50.

Thereafter, the petitioners filed a petition pursuant to *W. Va. Code*, 6–6–7(a) [1985],[4] in which they assert that *W. Va. Code*, 20–9–3 [1991][5] does not allow members of the BCSWA to receive compensation for their services, and sought to have the respondents removed as members of the BCSWA on the grounds that the approval and issuance of the check to the health department for reimbursement of wages paid to respondent Main constituted official misconduct and malfeasance in office.

Pursuant to *W. Va. Code*, 6–6–7(c) [1985], the impaneling of a three-judge court consisting of Judge Callie Tsapis, Judge of the First Judicial Circuit, Judge Daniel B. Douglass, Judge of the Fourth Judicial Circuit, and Judge John T. Madden, Judge of the Second Judicial Circuit, was ordered by this Court.

Both parties ultimately filed motions for summary judgment, and the parties appeared for argument before the three-judge panel on October 31, 1991. The three-judge panel subsequently granted the petitioners' motion for summary judgment with respect to the removal of respondent Main on the grounds of official misconduct, but denied the petitioners' motion for summary judgment with respect to the other respondents. The three-judge panel further granted the respondents' motion for summary judgment with respect to respondent Reitter, respondent Butto and respondent Paysen, holding that these members "simply made a mistake in a discretionary vote on the reimbursement check in issue[.]"

The respondents appeal the decision of the three-judge panel, asserting that respondent Main was not guilty of official misconduct sufficient to warrant his removal from office, that there was insufficient evidence as a matter of law to support his removal, and that genuine issues of material fact existed which precluded summary judgment. The respondents seek to have the order of the three-judge panel vacated, and to have respondent Main reinstated.[6]

## II

■ We shall first address the issue of whether the BCSWA was authorized to reimburse the health department for wages and benefits paid to respondent Main while he was performing his duties for the BCSWA during his scheduled work hours at the health department. The petitioners contend that *W. Va. Code*, 20–9–3 [1991] prohibits a member of a solid waste authority board of directors from receiving reimbursement for duties he or she performs as a member of the authority. The particular language of *W. Va. Code*, 20–9–3 [1991] raised by the petitioners is the following provision regarding compensation of the board members of solid waste authorities: "The members of the board shall receive no compensation for their service thereon but shall be reimbursed for their actual ex-

---

**3.** As chairman of the BCSWA, Mr. Main did not take part in the vote.

**4.** *W. Va. Code*, 6–6–7(a) [1985] provides:

(a) Any person holding any county, school district or municipal office, including the office of member of a board of education and the office of magistrate, the term or tenure of which office is fixed by law, whether the office be elective or appointive, except judges of the circuit courts, may be removed from such office in the manner provided in this section for official misconduct, malfeasance in office, incompetence, neglect of duty or gross immorality or for any of the causes or on any of the grounds provided by any other statute.

**5.** *W. Va. Code*, 20–9–3(b) [1991] provides in relevant part: "The members of the board shall receive no compensation for their services thereon but shall be reimbursed for their actual expenses incurred in the discharge of their duties."

**6.** The reinstatement of respondent Main is a moot issue because the term for which he was to serve has expired.

penses incurred in the discharge of their duties."

The language of *W.Va.Code*, 20-9-3 [1991] clearly prohibits a board member of a solid waste authority from receiving compensation for the services he or she performs in the discharge of his or her duties as a board member. In the case before us, however, the solid waste authority board reimbursed a public agency, which was the employer of the chairman of the BCSWA, for services the chairman performed for the BCSWA during his scheduled work hours for the public agency. Although respondent Main did not receive the reimbursement directly, the public agency for which he worked benefited from the receipt of reimbursement for the wages and benefits it paid to him while he was performing work for the BCSWA. In essence, what took place was the shifting of public funds from one public agency to another. Even though, in the present case, respondent Main is a public employee of a public agency, the BCSWA should not have reimbursed that public agency. Thus, we conclude that, under *W.Va.Code*, 20-9-3 [1991], members of a solid waste authority shall not receive compensation for their services thereon, except for actual expenses incurred in the discharge of their duties. Therefore, an employer of a member of a solid waste authority may not be reimbursed for the wages and benefits paid to that board member while he or she is performing duties for the solid waste authority during his or her scheduled hours of employment with the employer.

### III

Next we must address whether reimbursing the health department for wages and benefits received by respondent Main while he was performing services for the BCSWA established grounds for removing him from the BCSWA for official misconduct under article six of chapter six of the *West Virginia Code*, specifically *W.Va. Code*, 6-6-7(a) [1985].

*W.Va.Code*, 6-6-1 [1931] defines the term "official misconduct" as including "the willful waste of public funds by any

officer or officers[.]" *See Wysong v. Walden*, 120 W.Va. 122, 52 S.E.2d 392 (1938). Moreover, misconduct in office was defined by this Court in syllabus point 2 of *Kesling v. Moore*, 102 W.Va. 251, 135 S.E. 246 (1926): "Misconduct in office is any unlawful behavior by a public officer in relation to the duties of his office, wilful in character."

■ We also recognized, however, in syllabus point 2 of *Smith v. Godby*, 154 W.Va. 190, 174 S.E.2d 165 (1970), that "[t]he remedy for the removal from office of a public officer is a drastic remedy and the statutory provision prescribing the grounds for removal is given strict construction." Moreover, *W.Va.Code*, 6-6-7 [1985] requires that, in order to remove a public officer from office, the charges against the public officer must be established by satisfactory proof. *Smith v. Godby*, 154 W.Va. at 199, 174 S.E.2d at 172. " 'To warrant removal of an official pursuant to *Code* 1931, 6-6-7, clear and convincing evidence must be adduced to meet the statutory requirement of satisfactory proof.' Syl. pt. 9, *Evans v. Hutchinson*, 158 W.Va. 359, 214 S.E.2d 453 (1975)." Syl. pt. 2, *George v. Godby*, 174 W.Va. 313, 325 S.E.2d 102 (1984).

Finally, the standard of review of a trial court's findings was reaffirmed by this Court in syllabus point 1 of *George v. Godby, supra:*

'When the finding of a trial court in a case tried by it in lieu of a jury is against the preponderance of the evidence, is not supported by the evidence, or is plainly wrong, such finding will be reversed and set aside by this Court upon appellate review.' Syl. pt. 4, *Smith v. Godby*, 154 W.Va. 190, 174 S.E.2d 165 (1970).

■ The record before us indicates that respondent Main submitted to the board, at one of the BCSWA's meetings, a letter from his employer seeking reimbursement for wages and benefits paid to respondent Main while he was performing services for the BCSWA during his scheduled work hours for the health department. Respondent Main, as chairman of the BCSWA, did not vote on whether to authorize the reim-

bursement. However, three of the four other board members believed the reimbursement was appropriate.

In determining that respondent Main should be removed from the BCSWA for official misconduct based upon the reimbursement to the health department,[7] the three-judge panel found that the other members who actually approved the reimbursement "simply made a mistake in a discretionary vote on the reimbursement check ... which hindsight, research, and legal opinion indicates was wrong, but only after checking an Ethics Commission Ruling[8] which they may have misinterpret-ed[.]" While the record supports the finding that the other board members were mistaken in their interpretation of an advisory opinion of the West Virginia Ethics Commission, there is no clear and convincing evidence of any unlawful behavior by respondent Main in the performance of his duties which was willful in character.[9]

As we pointed out earlier, removal from office is a drastic remedy and statutory provisions prescribing the grounds for removal must be strictly construed. Although the BCSWA should not have reimbursed the health department, we do not find under the particular facts of this case clear and convincing evidence indicating that respondent Main was guilty of unlawful behavior in the performance of his duties which was willful in character.[10] Therefore, we conclude that the three-judge panel's finding that respondent Main

was guilty of official misconduct should be reversed.

We would like to emphasize, however, our concern with the appointment of public employees to agencies such as the BCSWA. The case before us is a good example of the problems which arise when a public employee of a public agency is appointed to simultaneously serve another public agency. Here, a public employee was performing services for one public agency, the BCSWA, while he was being paid to work for another public agency, the health department. There is nothing in the record to indicate that respondent Main's duties at the health department were related to his responsibilities at the BCSWA. Yet, in order to reimburse the health department for the work respondent Main was performing for the BCSWA while he was scheduled to work for the health department, the members of the BCSWA and the administrator of the health department shifted public funds from one agency to another. Funds for public agencies are limited. One public agency may suffer at the expense of another public agency if a public employee is working for both. Obviously, this controversy would have been avoided if respondent Main, as a public employee, was not appointed to serve on the board of another public agency.

IV

Thus, for the reasons set forth herein, we conclude that the finding of the three-judge panel that respondent Main was

---

7. The three-judge panel found that respondent Main indirectly benefited from the payment to the health department.

8. The BCSWA had requested an advisory opinion of the Ethics Commission as to whether a public employee of the health department, who is also chairman of the BCSWA, could receive a salary for serving as the director of the BCSWA. The Ethics Commission stated that it would not be a violation of the Ethics Act, specifically, *W.Va.Code*, 6B-2-5(b)(1), as amended, for the BCSWA to consider employing its chairman as director of the BCSWA. The Ethics Commission further stated, however, that the public employee could not serve as director and chairman of the BCSWA simultaneously.

9. The standard of proof found by the three-judge panel was "clear and convincing preponderance" of the evidence.

10. The petitioners maintain that the facts of this case are "strikingly similar" to *Summers County Citizens League, Inc. v. Tassos*, 179 W.Va. 261, 367 S.E.2d 209 (1988). However, in that case, we were concerned with the pecuniary interests of certain board of education members in contracts of the board. We held that "a county officer is 'pecuniarily interested, directly or indirectly, in the proceeds of any contract or service,' where the county officer is an employee of a private entity which is the other party to the contract with the county, whether or not the county officer is also a shareholder, director or officer of such private entity." 179 W.Va. at 270, 367 S.E.2d at 218.

guilty of official misconduct should be reversed.[11] The panel's finding that the other respondent members of the BCSWA were not guilty of official misconduct should be affirmed.[12]

Reversed, in part; affirmed, in part.

**11.** Insofar as we have found that respondent Main was not guilty of official misconduct based on the facts stipulated before the three-judge panel, it is not necessary to remand this case for further proceedings.

**12.** Respondent Reitter, respondent Butto and respondent Paysen assert that the order of the three-judge panel, while not finding them guilty of official misconduct, leaves them open to further proceedings. We do not agree. The order of the panel finding that they were not guilty of official misconduct exonerates them in this particular matter.